**FORD TRUCK LINE, INC., and J & G Express, Inc., Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

and

**Merchants Truck Line, Inc., Intervening Defendant.**

**Civ. No. C–74–406.**

United States District Court,
W. D. Tennessee, W. D.

May 13, 1975.

---

John Paul Jones, Memphis, Tenn., Jerry H. Blount, Jackson, Miss., for plaintiff.

Thomas E. Kauper, Asst. Atty. Gen., John H. D. Wigger, Dept. of Justice, Washington, D. C., Thomas F. Turley, Jr., U. S. Atty., J. Richard Buchignani, Asst. U. S. Atty., Memphis, Tenn., for the United States.

Fritz R. Kahn, Gen. Counsel, Hanford O'Hara, Interstate Commerce Comm., Washington, D. C., for ICC.

Perry, Phillips, Crockett & Morrison, Jackson, Miss., and Joyner, Goff, Sims & Cloud, P. C., Memphis, Tenn., for Merchants Truck Line, Inc.

Before PHILLIPS, Circuit Judge, BROWN, Chief District Judge, and WELLFORD, District Judge.

PER CURIAM.

Plaintiffs, Ford Truck Line, Inc. and J & G Express, Inc., are common carriers that by interline arrangement transport general commodities between Memphis and Jackson, Mississippi. The defendants are the Interstate Commerce Commission and the United States. Merchants Truck Line, Inc., intervening defendant, together with Mississippi Freight Lines, Inc., are common carriers of general commodities which together offer services between Memphis and Jackson in competition with Ford and J & G. Merchants has been granted temporary authority by the ICC pursuant to 49 U.S.C. § 310a(b), pending decision on an application for permanent authority, to operate the facilities of Mississippi Freight, and it was this grant of authority that placed Merchants—Mississippi Freight in such competition with Ford—J & G. This action was initially begun by Ford and J & G before this three judge court to set aside the grant of temporary authority. Plaintiffs' prayer for a temporary restraining order was denied by one judge, and then such application to set aside the grant of temporary authority was withdrawn before it was heard by this three judge court.

By amendment to the complaint, Ford and J & G now seek reversal of an order of the ICC entered on September 27, 1974 summarily denying their application to reopen, to allow them to intervene in and to rehear the proceeding in which an operating certificate was granted to Mississippi Freight by the ICC in 1964 and to allow them discovery and to have a trial type hearing.

It would be well, at this point, to refer to the four proceedings before the ICC which are directly or indirectly related to the matter before this court.

No. MC–121427 (Sub. No. 1) This is the proceeding in which Mississippi Freight applied for and obtained the ICC certificate in 1964 that is the subject of the amended complaint here. Mississippi Freight had been operating under state authorization only, and prior to 1962 such truck lines were allowed to handle interstate freight without approval by the ICC. The statute was then amended to require ICC approval for handling of such freight but contained a "grandfather clause" under which Mississippi Freight applied for and obtained a certificate. In April, 1974, Ford and J & G sought to reopen and to intervene in this proceeding, to obtain discovery and a trial type hearing, and to obtain revocation of Mississippi Freight's certificate on the ground of alleged fraud in the procurement of the certificate. The fraud alleged was that Joe Lucy, in applying for the certificate for Mississippi Freight, failed to reveal on the application form (BOR–99) that he had borrowed $12,000 from his former employer, Harvey West, who controlled a corporation that operated another trucking line, and that these funds constituted 45% of the purchase price of Mississippi Freight.* It is the ICC's summary denial of such relief in September, 1974, that is the basis of the amended complaint now before this three judge court.

MC–F–11664. This is an investigation proceeding initiated by the ICC to determine whether Mississippi Freight was being controlled illegally in 1970–71 by the Kerr brothers, who operated another common carrier. Hearings were held in which plaintiffs participated. While the alleged fraud of Lucy on the application form (see above) was not directly involved, the propriety of the loan relationship between Lucy and West was investigated and discussed by the administrative law judge and specifically ruled

not to be improper. In November, 1973, the judge held that the Kerr control was illegal but that action should be deferred pending the outcome of the application of Merchants for permanent authority to operate the facilities of Mississippi Freight, and the two proceedings have been consolidated.

No. MC–F–11774. This is a proceeding instituted by Merchants to obtain temporary and permanent authority to operate the facilities of Mississippi Freight. Plaintiffs are protestants in this proceeding. It was the grant of such temporary authority by the ICC that was the basis of the complaint here as originally filed (see above). Further, the pendency of this application for permanent authority caused the administrative law judge to defer action on his finding of improper control of Mississippi Freight by the Kerr brothers (see above). As protestants in this case, plaintiffs are seeking discovery and a hearing on the Lucy fraud issue. This case is still pending before the ICC.

No. MC–F–12217. This is a proceeding instituted by plaintiffs before the ICC seeking discovery and a hearing on the Lucy fraud issue. The relief sought there, as in the proceeding that is the basis of the amended complaint now before this court, is the cancellation of Mississippi Freight's certificate. The ICC dismissed this complaint on December 2, 1974, holding that the issues raised were or should have been raised in the proceeding concerning control of Mississippi Freight by the Kerr brothers (No. MC–F–11664, see above). Plaintiffs' petition to reconsider was denied by the ICC on March 10, 1975 and, according to plaintiffs, they had until May 9, 1975 to appeal to the Court of Appeals for the Sixth Circuit.

As stated, the relief sought here is reversal of the ICC's summary denial in

---

* Merchants contends that, on a fair construction of the questions answered by Lucy on form BOR–99, his failure to reveal the loan was not and could not be fraudulent. This issue, of course, is not before this court.

No. MC–121427 (Sub. No. 1) of plaintiffs' application to reopen, to be allowed to intervene, to obtain discovery, and to obtain a trial type hearing on the Lucy fraud issue. The ICC placed its refusal to reopen on broad grounds as follows:

"*It is further ordered,* That the petition be, and it is hereby, denied, for the reasons: (1) that even if petitioners were allowed to intervene, it has not been shown that their participation herein would warrant a result different from that already arrived at in this proceeding; and (2) that no sufficient or proper cause appears for reopening the involved proceeding or for granting any of the relief sought."

■■ An application to the ICC to reopen and rehear is addressed to the discretion of the agency and the reason for this rule is stated in ICC et al. v. Jersey City, et al., 322 U.S. 503, 64 S.Ct. 1129, 88 L.Ed. 1420 (1944) at 514–515, 64 S.Ct. at 1135:

"If upon the coming down of the order litigants might demand rehearings as a matter of law because some new circumstance has arisen, some new trend has been observed, or some new fact discovered, there would be little hope that the administrative process could ever be consummated in an order that would not be subject to reopening. It has been almost a rule of necessity that rehearings were not matters of right, but were pleas to discretion. And likewise it has been considered that the discretion to be invoked was that of the body making the order, and not that of a reviewing body."

Moreover, denial by the ICC of an application to reopen and rehear will be overturned only if there is a showing of a clear abuse of discretion. In United States, et al. v. Pierce Auto Freight Lines, Inc., et al., 327 U.S. 515, 66 S.Ct.

687, 90 L.Ed. 821 (1946), it is stated at 535, 66 S.Ct. at 697:

"Except in the single instance, it has been held consistently that rehearings before administrative bodies are addressed to their own discretion. [Citation omitted.] Only a showing of the clearest abuse of discretion could sustain an exception to that rule."

See also: Watkins Motor Lines, Inc. v. ICC et al., 243 F.Supp. 436 (D.Neb.1965, three judge court).

■ We conclude that, in its summary denial of plaintiffs' application to reopen and rehear the proceeding in which a certificate was granted to Mississippi Freight in 1964 under a "grandfather clause," the ICC did not abuse its discretion. The propriety of the Lucy loan from West had already been investigated and ruled upon, as heretofore indicated, in MC–F–11664. Plaintiffs participated in this proceeding and apparently made no issue of the alleged fraud. Moreover, at the time the ICC refused to reopen and rehear in September, 1974, the same issue (the alleged Lucy fraudulent statement on the application form) was pending (and is still pending) in MC–F–11774 and was pending in MC–F–12217. Lastly, a rule promulgated by the ICC (49 CFR 1100.101(b)) required that plaintiffs explain, when they sought to reopen and to rehear in April, 1974, why such evidence of alleged fraud was not previously adduced. It is our view that a determination that plaintiffs failed to satisfy this requirement does not amount to an abuse of discretion.

It results that this action will be dismissed, but without prejudice to any rights which the plaintiffs may have to raise the same issues in other proceedings now pending before the Commission. The Clerk will enter a final judgment to that effect.

ENTER this 13th day of May, 1975.